76 F.3d 379
 151 L.R.R.M. (BNA) 2672
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HARBIN CONSTRUCTION, INC. Respondent.
 No. 95-6598.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1996.
 
 Before: KEITH, JONES, and SILER, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its August 18, 1995, decision and order in Case No. 7-CA-36978 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36978 is hereby enforced. The respondent, Harbin Construction, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Unilaterally and without agreement with Local 1234, United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the "Union"), failing or refusing to apply the terms of the collective bargaining agreement in effect from August 1, 1994, through July 31, 1995, to unit employees by failing to make full and timely fringe benefit fund payments to the Union's fringe benefit trust funds on behalf of all its employees employed in the unit or failing to submit complete and accurate fringe benefit reports. The unit includes the following employees:
 
 
 4
 All employees employed by the respondent who perform residential carpentry work within the geographic jurisdiction of the Union, but excluding guards and supervisors as defined in the National Labor Relations Act (the "Act").
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Honor the terms of the 1994-1995 Association agreement and make whole its unit employees for its failure to do so since about September 14, 1994, in the manner set forth in the remedy section of the Board's decision, and file complete and accurate fringe benefits reports as required by the collective bargaining agreement in effect from August 1, 1994, through July 31, 1995.
 
 
 8
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 9
 (c) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 11
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 12
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT unilaterally and without agreement with Local 1234, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, fail or refuse to apply the terms of the collective-bargaining agreement effective from August 1, 1994, through July 31, 1995, to unit employees by failing to make full and timely fringe benefit fund payments to the Union's fringe benefit trust funds on behalf of all our employees employed in the unit or by failing to submit complete and accurate fringe benefit reports. The unit includes the following employees:
 
 
 15
 All employees employed by us who perform residential carpentry work within the geographic jurisdiction of the Union, but excluding guards and supervisors as defined in the Act.
 
 
 16
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 17
 WE WILL honor the terms of the 1994-1995 Association agreement and make whole our unit employees for our failure to do so since about September 14, 1994, with interest, and file complete and accurate fringe benefits reports as required by the collective-bargaining agreement in effect from August 1, 1994, through July 31, 1995.
 
 
 18
 HARBIN CONSTRUCTION, INC.